UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                        ) | 2:20-cr-00258-KOB-GMB |
| ) | |
| PATRICK CHARLES BISHOP ) | |

### UNITED STATES' UNOPPOSED MOTION FOR PROTECTIVE ORDER CONCERNING SENSITIVE DISCOVERY MATERIAL

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the United States moves for a protective order concerning sensitive discovery material containing confidential material in this case. A protective order is warranted, as explained below.

1. This case involves allegations of fraud related to the defendant's obtaining, manufacturing, labeling, marketing, selling, and distributing drug products containing a chemical compound, PNC-27, that the FDA has never reviewed or approved for use to treat any disease. The indictment alleges that the defendant paid hundreds of thousands of dollars to obtain PNC-27 from China, received millions of dollars for the PNC-27 drug products he distributed to cancer patients and others, and used that revenue stream to purchase houses and acquire luxury cars. The indictment also alleges that the defendant, despite having no formal training in medicine or the treatment of diseases, held himself out as a "research

1

director" knowledgeable about the effects of PNC-27 on cancer cells, and provided medical advice to patients using his PNC-27 drug products.

2. The evidence in this case includes voluminous records containing personally identifiable information (PII) of the defendant and others, including names, social security account numbers, dates of birth, telephone numbers, residential addresses, and bank account numbers. The evidence in this case also includes personal health information (PHI), including medical records associated with particular patients who received PNC-27 drug products from the defendant.

3. The volume and format of the materials, and the salience of the confidential information to the case, make it impractical to redact each document before production to the defendant.

4. Federal Rule of Criminal Procedure 16(d)(1) permits the Court to enter a protective order regulating the manner in which discovery is conducted.

5. To balance the defendant's rights with the privacy interests of other individuals and the finitude of the government's resources, the government requests that the Court enter a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1) that:

    a. permits the United States to disclose unredacted PII and PHI discovery material to defense counsel;

    b. requires defense counsel, and persons to whom disclosure of discovery containing PII and PHI is authorized by this protective order, including the defendant and any professional member of the

    defense team (*e.g.*, attorneys, paralegals, legal assistants, and expert witnesses):

     i. to use and disclose the PII and PHI only as necessary to prepare and present the defendant's defense; and

     ii. to destroy all paper copies of the PII and PHI at the conclusion of this case and, to the extent reasonably possible, delete all electronic copies of such PII and PHI or, at a minimum, safeguard and restrict access to any such electronic copies in accordance with defense counsel's standard law firm protocols;

  c. requires defense counsel and any professional member of the defense team as described above not to leave the PII and PHI in the control or custody of the defendant or of any person who is not a professional member of the defense team, and requires that the defendant review any PII and PHI either at the office of defense counsel or using an e-discovery management tool (*e.g.*, Relativity), with the limitations set out in the next paragraph.

6. With respect to the e-discovery management tool described above, the government requests that the protective order specify that:

  a. each person provided with access to the e-discovery management tool be given an identifiable login capable of tracking such person's use and access (including any instances of printing, downloading, or copying) to and of the materials contained in the e-discovery management tool;

  b. the defendant can only view such PII and PHI, and is not permitted to print, copy, retain, store, transfer, or download such PII and PHI to or in any other physical, electronic, or digital media; and

  c. defense counsel be required to periodically (at least monthly) check the e-discovery management tool used to confirm that the defendant is not printing, downloading, or copying the materials.

3

7.  Such a protective order would provide defense counsel and the defendant with needed access to discovery while protecting sensitive PII and PHI.

8.  The government has consulted with the defense, and the defense has no objection to the relief this motion seeks.

9.  For all these reasons, the government requests that the Court issue a protective order as described. For the convenience of the Court, a proposed protective order is attached.

    Respectfully submitted,

    PRIM F. ESCALONA
    United States Attorney

    /s/ *John B. Ward*
    JOHN B. WARD
    Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 23, 2020, I filed this document electronically with the United States District Court for the Northern District of Alabama using the CM/ECF system, and thereby provided an electronic copy of the document to the defendant's counsel of record.

/s/ *John B. Ward*
JOHN B. WARD
Assistant United States Attorney