# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **2:20-cr-00258-KOB-GMB** |
| | ) | |
| **PATRICK CHARLES BISHOP** | ) | |

## PROTECTIVE ORDER

The government's motion for a protective order is **GRANTED**.

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the United States has requested that the Court authorize the disclosure of documents to the defendant's counsel without redaction of confidential and sensitive information. The United States has also requested a protective order governing the use of confidential and sensitive information in this matter.

After giving due consideration to the government's motion, the following is **ORDERED** pursuant to Federal Rule of Criminal Procedure 16(d):

1.  The United States may disclose to defense counsel confidential and sensitive information in this case, including:

    a. names;

    b. residential addresses and telephone numbers;

    c. dates of birth;

    d. driver's license numbers;

1

      e. social security account numbers;

      f. financial information, including bank account numbers; and

      g. personal health information, including medical history and treatment records,

*i.e.*, Personally Identifiable Information (PII) and Personal Health Information (PHI).

    2. This Protective Order authorizes disclosure of PII and PHI to defense counsel, the defendant, and professional members of the defense team, including attorneys, paralegals, legal assistants, investigators, and experts, **only and expressly on the conditions below**.

    3. This Protective Order prohibits any of the persons described in (2) above from:

      a. Using or disclosing PII or PHI for any purpose other than to prepare and present the defendant's defense;

      b. Disclosing PII or PHI to any persons other than persons described in (2) above.

      c. Leaving or retaining any PII or PHI (or copies thereof) in the control or custody of the defendant or any other persons who are not professional members of the defense team.

    4. The defendant's access to material containing PII or PHI is limited to **viewing** such material. The defendant shall not print, copy, retain, or store PII or PHI to or in any physical, electronic, or digital media.

5. The defendant and other persons described in (2) above who are authorized to access and view PII and PHI may do so at defense counsel's office, or through the use of e-discovery management tools (*e.g.*, Relativity) on the following conditions:

   a. Each person will be provided an identifiable login capable of tracking such person's use and access to the materials contained in the e-discovery management tool;

   b. The defendant may access and view such discovery materials only on a private e-discovery platform website, and may not transfer or download such materials to a computer or other device capable of maintaining a copy of such materials;

   c. Insofar as the defendant or other persons described in (2) above are given a unique login to access PII and PHI, the e-discovery management tool used must be capable of tracking, logging, and identifying by login any instances of printing, downloading, or copying such materials; and

   d. Defense counsel is required to check on a periodic basis, at least monthly, the e-discovery management tool to confirm that the defendant or others are not printing, downloading, or copying the materials.

6. Nothing in this Protective Order shall be deemed to limit the defendant or others from receiving, printing, copying, retaining, or storing any material that has been redacted to remove all PII and PHI.

7. PII and PHI may be redacted before documents containing such information can be used in open court or a public filing. This Protective Order does not affect the requirement for redaction of material filed with the Court in

compliance with Federal Rule of Criminal Procedure 49.1. Such redaction is still required.

8. The procedures for use of documents containing PII or PHI during any hearing or trial shall be determined by the Court in advance of the hearing or trial. No party shall file (unless under seal) or disclose in open court documents containing PII or PHI without prior consultation with the Court.

9. Before disclosure of any PII or PHI to any person under the terms of this Protective Order, defense counsel shall first provide that person with a copy of this Protective Order. Any such person shall be deemed to consent to the terms of this Protective Order and to submit himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order. This Protective Order will remain in full force and effect following the end or termination of this case for purposes of enforcing the Protective Order.

10. When this case becomes final,[1] defense counsel shall destroy all paper copies of the PII and PHI and, to the extent reasonably possible, shall delete all electronic copies of such PII or PHI or, at a minimum, shall safeguard and restrict access to any such electronic copies in accordance with defense counsel's standard law firm protocols.

---

[1] A case becomes final when all direct appeals are exhausted or the time for seeking appeal expires.

11.     Violation of the terms and provisions of this Protective Order may be sanctioned in any way authorized by law, including but not limited to contempt of court.  Nothing in this Protective Order shall be deemed to limit or preclude criminal prosecution for conduct that may also be in violation of the Protective Order.

12.     Nothing in this Protective Order shall be construed to limit the defendant's use of his own PII and PHI.

**SO ORDERED** this ____ day of September 2020.

---

**GRAY M. BORDEN**
United States Magistrate Judge